## J. E. SHAVER v. STATE.

No. A-4855.   Opinion Filed Feb. 12, 1925.
(232 Pac. 960.)

(Syllabus.)

**Intoxicating Liquors—Conviction for Selling Liquor not Sustained.** In a prosecution for selling intoxicating liquor, evidence held insufficient to warrant a conviction.

Appeal from County Court, Garfield County; E. L. Swigert, Judge.

J. E. Shaver was convicted of selling intoxicating liquor, and he appeals. Reversed and remanded.

W. E. Crowe and Robertson & Harmon, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charged

that the defendant, J. E. Shaver, did unlawfully sell one-half pint of corn whisky to one Albert Thorlton. Upon his trial the jury returned a verdict finding him guilty and assessed his punishment at confinement in the county jail for 30 days and a fine of $50. From the judgment rendered on the verdict he appeals.

We adopt the confession of error as the opinion of the court. It is as follows:

"Numerous assignments of error are presented by counsel for plaintiff in error in their behalf; the first one being the introduction of incompetent, immaterial, and irrelevant testimony over the objections of the plaintiff in error by defendant in error.

"The second assignment of error complains of the action of the court in making certain remarks in the presence of the jury concerning the attorney for plaintiff in error and his actions and then refusing to restate the remarks to the court reporter in order to get them in the record and thereby enable counsel to take his exceptions and make his record.

"The other assignments of error all go to the introduction of incompetent, irrelevant, and immaterial testimony at different stages of the trial.

"We have read this record very carefully, and then for fear that we might be mistaken, we have read it the second time, and while this statement could not be literally true, yet there is scarcely a page of the record that does not disclose the rankest kind of prejudicial error. The trial was a farce, and the bulk of the testimony introduced by the state tended only to prove or to attempt to prove that the plaintiff in error's wife, who was not on trial, had in her possession half a pint of Canadian Club whisky with the unlawful intent to sell or dispose of same in violation of the law. We think that it is highly probable that if the state had only introduced such evidence as was applicable to the alleged sale by the plaintiff in error to the witness Thorlton, and closed its case, a verdict of guilty under that evidence would have been permitted to stand; but the record shows clearly that the

prosecuting officers representing the state were overzealous and offered entirely too much evidence, the great bulk of which was highly incompetent, irrelevant, and immaterial and a large portion of the same properly objected to and exceptions saved.

"We regret to take this action, it not being in keeping with the policy of this office so to do; but where such error is plainly shown in the record we think it is as much our duty to call the court's attention to the same as it is to undertake to uphold the judgments of the trial courts of this state.

"We respectfully suggest that this cause should be reversed."

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.